**UNITED STATES of America ex rel. Richard MACHADO, Appellant,**

v.

**Honorable Walter H. WILKINS, Warden of Attica State Prison, Attica, N. Y., Respondent.**

**No. 278, Docket 29400.**

United States Court of Appeals, Second Circuit.

Argued Dec. 4, 1969.

Decided March 13, 1970.

Harry C. Batchelder, Jr., Robert E. Wagenfeld, Milton Adler, New York City, for appellant.

Murray Sylvester, Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., State of New York, for appellee.

Before WATERMAN, HAYS and FEINBERG, Circuit Judges.

WATERMAN, Circuit Judge:

In 1954 the petitioner in this habeas corpus proceeding was convicted in the Superior Court of Los Angeles, California, of assault with intent to commit rape. Pursuant to a California statute [1] which permits the record of a criminal conviction to be expunged if good behavior follows, the California court "suspended" proceedings and sentenced Machado to seven years probation, of which the first six months were to be served in jail.

---

1. In 1959, Section 1203.4 of the California Penal Code read as follows: Every defendant who has fulfilled the conditions of his probation for the entire period thereof * * * shall at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right and privilege in his probation papers. The probationer may make such application and change of plea in person or by attorney, or by the probation officer authorized in writing; provided, that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.

After Machado had served his jail sentence the probation order was modified to permit him to return to New York State where his parents resided. In 1959, while still on probation, he was indicted in New York for several counts of sodomy and carnal abuse of a minor. The California probation order was revoked and a warrant issued for his arrest. On February 19, 1960, Machado pleaded guilty in New York to the charge of assault in the second degree, a charge which comprehended the several counts of the original New York indictment. Under a New York statute which provides augmented sentences for such offenders, he was sentenced as an offender previously convicted of a felony, namely, that for which he was sentenced in California.[2] Although Machado had admitted his status as a second-felony offender when he pleaded guilty, he retracted this admission in 1962 and contested this status, arguing that because the California proceedings had been "suspended" they had not reached a point where it could properly be said that he actually had been convicted in the sense of there being a record of any California conviction. The state courts of New York refused to adopt this view. Machado then turned to the federal district court for relief. The court below refused to take jurisdiction, holding that petitioner's claim involved no federal question but only an interpretation of the New York Penal Law, McKinney's Consol. Laws, c. 40, an interpretation to be made by the state courts. Subsequent to this district court decision and pending an appeal of the decision to this court, Machado finished serving his New York sentence. He did not return to California, but at the time this case was briefed the California warrant was outstanding.

We decline to pass on the merits of petitioner's alleged federal question, a claim that the California proceedings have not amounted to a felony conviction[3] and that New York's failure so to rule violates due process and denies full faith and credit to California law. We also decline to review the ruling below that no federal question exists. In our view the case is moot, for petitioner has served his New York sentence in full

---

2. The pertinent part of the New York Penal Law in force at the time of appellant's conviction and sentence reads as follows:

§ 1941. Punishment for second or third offense of felony

1. Except as provided in subdivision two of this section, a person, who, after having been once or twice convicted within this state, of a felony, of an attempt to commit a felony, or, under the laws of any other state, government, or country, of a crime which, if committed within this state, would be a felony, commits any felony, within this state, is punishable upon conviction of such second or third offense, as follows:

If the second or third felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for an indeterminate term, the minimum of which shall be not less than one half of the longest term prescribed upon a first conviction, and the maximum of which shall be not longer than twice such longest term.

3. The statutory language quoted in footnote 1, *supra*, would seem to require that probation must be satisfactorily completed before the record of conviction is erased. However, petitioner cites Stephens v. Toomey, 51 Cal.2d 864, 338 P.2d 182 (1959), which states that in cases where proceedings are suspended before sentencing "there is no judgment pending against the probationer." 338 P.2d at 185–186. Petitioner also argues that the county jail term which he served was a feature of probation, which can be imposed without a conviction, and not a sentence which could only be imposed pursuant to a conviction. Finally, petitioner argues that even if a conviction had occurred, the statutory permission for the state to plead an expunged conviction "in any subsequent prosecution of such defendant for any other offense" does not apply to multiple offender statutes authorizing lengthened sentences, but only to a determination of the availability of and of the length of the terms of the subsequent probation.

and we fail to see what meaningful relief petitioner would now have us grant.

Petitioner cites Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) and Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1969) for the proposition that habeas corpus jurisdiction and the existence of a constitutional case or controversy do not end when a state sentence has been served in full. The teaching of these cases does not apply to petitioner's situation. In *Carafas,* in *Sibron,* and in each of the other cases discussed in the *Sibron* opinion, 392 U.S. at 51–55, 88 S.Ct. 1889, review was granted to determine whether a conviction should be held to have been void, not whether too long a sentence was imposed upon one who had been validly convicted of the crime for which sentenced. In both Carafas v. LaVallee and Sibron v. New York the Court noted that various collateral consequences may attach to a criminal conviction apart from the sentence, such as inability to vote in some jurisdictions, liability to impeachment of credibility at trials, and liability to higher future sentences as a recidivist, to name a few. In *Sibron* the Court also pointed out that unconstitutional convictions of crimes bearing short sentences could not be prevented if further appeals were terminated by the expirations of the sentences.

Here, petitioner does not attempt to erase any conviction from his record. Rather, he asserts only that the New York court should not have considered that the California proceedings constituted a felony conviction and therefore the New York judge should not have given him an augmented sentence. Nothing this court can do will change the length of time petitioner has already spent in jail in New York. Nor do we see what collateral consequences can attach to the fact that petitioner served an augmented sentence: his New York

conviction would remain on his record as a felony even if we were to rule for petitioner and were to hold he should not have received a "second felony" sentence. It is conceivable that an adjudication here as to the status of the proceedings in his case in California might have some importance in a future case if Machado is again sentenced under a multiple offender statute or if he encounters some other "collateral consequence" of his California conviction. However, we have no present case or controversy involving such a sentencing or other consequence, and Machado can raise his arguments when and if such a situation occurs.[4] It is quite possible that the California revocation of Machado's probation and the issuance there of a warrant for his arrest following his New York indictment prior to his guilty plea in New York signaled the entry of the record of conviction which, according to Machado's argument, California had earlier suspended.

Appeal dismissed.

---

4. In the *Sibron* and *Carafas* cases the likelihood of collateral consequences approached certainty, so that a genuine controversy existed in these cases. Here, however, the possibility of any future collateral consequences seems too remote to warrant a finding of present controversy.