**Porfirio TIRU, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 69 Civ. 3757.**

United States District Court, S. D. New York.

July 2, 1970.

years imprisonment imposed by this Court on October 4, 1968 upon his plea of guilty entered July 26, 1968 to two counts of unlawfully, wilfully and knowingly receiving, concealing and facilitating the transportion and concealment of marijuana knowing it had been imported into the United States contrary to law, in violation of 21 U.S.C. § 176a. He contends his conviction cannot stand in light of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

On April 8, 1970 we concluded that the holding of the Supreme Court in *Leary* declaring unconstitutional the § 176a presumption of knowledge of illegal importation from possession of marijuana must be retroactively applied; that the standard for determining when an evidentiary hearing must be had to determine the voluntariness of a guilty plea was set forth by our circuit in United States ex rel. Ross v. McMann, 409 F.2d 1016, 1019 (2d Cir.1969); and that applying that standard here "a genuine factual issue is presented warranting a full and fair hearing to determine whether or not the existence of the evidentiary presumption of § 176a was of sufficient influence on petitioner to render his plea [of guilty] involuntary." We appointed Edward S. Cowen, Esq., to represent petitioner Tiru on this § 2255 application.

Subsequent to our order of April 8th, *Ross* was reversed *sub nom.* by the Supreme Court in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (May 4, 1970). Accordingly, we invited both parties to address themselves to whether an evidentiary hearing on petitioner's claim is still warranted in light of the aforementioned reversal. Briefs were submitted by both sides.

We believe *Richardson* [1] mandates vacation of our prior decision to grant petitioner an evidentiary hearing and denial of his motion to vacate and set aside his sentence. The issue therein was

---

Edward S. Cowen, New York City, for petitioner.

Whitney North Seymour, Jr., U. S. Atty., S. D. New York, New York City, for respondent; David A. Luttinger, Asst. U. S. Atty., of counsel.

## MEMORANDUM

COOPER, District Judge.

This is an application by petitioner Tiru pursuant to 28 U.S.C. § 2255 to vacate and set aside his sentence of five

---

1. See as well the Supreme Court decisions in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 rendered that same date.

"whether and to what extent an otherwise valid guilty plea may be impeached in collateral proceedings by assertions of proof that the plea was motivated by a prior coerced confession." 397 U.S. at 760, 90 S.Ct. at 1443. The Supreme Court held:

"The core of the Court of Appeals' holding is the proposition that if in a collateral proceeding a guilty plea is shown to have been triggered by a coerced confession—if there would have been no plea had there been no confession—the plea is vulnerable at least in cases coming from New York where the guilty plea was taken prior to Jackson v. Denno, *supra* [378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908]. We are unable to agree with the Court of Appeals on this proposition." 397 U.S. at 766, 90 S.Ct. at 1446.

In arriving at this conclusion the Supreme Court first rejects the argument that the allegedly involuntary confession could render an otherwise valid guilty plea involuntary. Thus, the Court states:

"Since we are dealing with a defendant who deems his confession crucial to the State's case against him and who would go to trial if he thought his chances of acquittal were good, his decision to plead guilty or not turns on whether he thinks the law will allow his confession to be used against him. For the defendant who considers his confession involuntary and hence unusable against him at trial, tendering a plea of guilty would seem a most improbable alternative. The sensible course would be to contest his guilt, prevail on his confession claim at trial, on appeal or, if necessary, in a collateral proceeding and win acquittal, however guilty he might be. * * * If he nevertheless pleads guilty the plea can hardly be blamed on the confession which in his view was inadmissible evidence and no proper part of the State's case." 397 U.S. at 768, 90 S.Ct. at 1447.

Similarly, here, the evidentiary inference of knowledge permitted by § 176a and which a jury was entitled to accept or reject appears to stand on the same footing. His plea of guilty, even if based on his belief the law will allow the statutory inference to be used against him, cannot be held involuntary. As with a confession, the sensible course would be to contest his guilt, convince the jury that he had no knowledge and that the inference, while permissible, should not be applied, or prevail before the trial judge or on appeal with his claim that the inference is illegal.

Here, as in *Richardson*, the proper issue is whether his guilty plea was an intelligent act:

"A more credible explanation for a plea of guilty by a defendant who would go to trial except for his prior confession is his prediction that the law will permit his admissions to be used against him by the trier of fact. At least the probability of the State's being permitted to use the confession as evidence is sufficient to convince him that the State's case is too strong to contest and that a plea of guilty is the most advantageous course. Nothing in this train of events suggests that the defendant's plea, as distinguished from his confession, is an involuntary act. His later petition for collateral relief asserting that a *coerced* confession induced his plea is at most a claim that the admissibility of his confession was mistakenly assessed and that since he was erroneously advised, either under the then applicable law or under the law later announced, his plea was an unintelligent and voidable act. The Constitution, however, does not render pleas of guilty so vulnerable." *Id.*

As we see it, petitioner's plea of guilty was a knowing and intelligent act. The standard for this determination is expressed by the Supreme Court in *Richardson:*

"Whether a plea of guilty is unintelligent and therefore vulnerable

when motivated by a confession erroneously thought admissible in evidence depends as an initial matter not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases." *Id.*

The Supreme Court held no showing of gross error on the part of counsel could there be made. "Counsel for these respondents cannot be faulted for not anticipating Jackson v. Denno. * * *" which invalidated New York's procedures for dealing with coerced confession claims. Likewise, petitioner here was not incompetently advised because his counsel failed to anticipate *Leary,* particularly in light of the prior Supreme Court decision in Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed.2d 904 (1925) (opium).

The argument that if *Leary* is to be applied retroactively it should be applied to defendants convicted by plea as well as by verdict was rejected in the analogous *Richardson* situation:

"We are unimpressed with the argument that because the decision in *Jackson* has been applied retroactively to defendants who had previously gone to trial, the defendant whose confession allegedly caused him to plead guilty prior to *Jackson* is also entitled to a hearing on the voluntariness of his confession and to a trial if his admissions are held to have been coerced. A conviction after trial in which a coerced confession is introduced rests in part on the coerced confession, a constitutionally unacceptable basis for conviction. * * * The defendant who pleads guilty is in a different posture. He is convicted on his counseled admission in open court that he committed the crime charged against him. The prior confession is not the basis for the judgment, has never been offered in evidence at a trial, and may never be offered in evidence. Whether or not the advice the defendant received in the pre-*Jackson* era would have been different had Jackson then been the law has no bearing on the accuracy of the defendant's admission that he committed the crime." 397 U.S. at 773, 90 S.Ct. at 1450.

Finally, we believe the Supreme Court's conclusion in the coerced confession situation of *Richardson,* closely analogous, equally applicable and controlling here in the context of this statutory inference of knowledge held unconstitutional in *Leary*:

"It might be suggested that if *Jackson* had been the law when the pleas in these cases were made—if the judge had been required to rule on the voluntariness of challenged confessions at trial—there would have been a better chance of keeping the confessions from the jury and there would have been no guilty pleas. But because of inherent uncertainty in guilty plea advice, this is a highly speculative matter in any particular case and not an issue promising a meaningful and productive evidentiary hearing long after entry of the guilty plea. The alternative would be a *per se* constitutional rule invalidating all New York guilty pleas which were motivated by confessions and which were entered prior to *Jackson.* This would be an improvident invasion of the State's interests in maintaining the finality of guilty plea convictions which were valid under constitutional standards applicable at the time. It is no denigration of the right to trial to hold that when the defendant waives his state court remedies and admits his guilt, he does so under the law then existing; further, he assumes the risk of ordinary error in either his or his attorney's assessment of the law and facts. Although he might have pleaded differently had later decided cases then been the law, he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not,

after all, a knowing and intelligent act." *Id.*

Accordingly, our order of April 8, 1970 calling for an evidentiary hearing herein is vacated and petitioner's application is denied.