**UNITED STATES of America ex rel. Macio ENNIS, Petitioner-Appellant,**

v.

**Hon. Walter FITZPATRICK, Warden, Respondent-Appellee.**

**No. 367, Docket 35021.**

United States Court of Appeals, Second Circuit.

Argued Nov. 12, 1970.

Decided Feb. 23, 1971.

Edward R. Korman, Asst. U. S. Atty. (Edward R. Neaher, U. S. Atty., E. D. N. Y., David G. Trager, Asst. U. S. Atty., of counsel), for respondent-appellee.

Before SMITH and HAYS, Circuit Judges, and LEVET,* District Judge.

J. JOSEPH SMITH, Circuit Judge:

This is an appeal from an order of the United States District Court for the Eastern District of New York, Joseph C. Zavatt, Judge, denying appellant's motion made pursuant to 28 U.S.C. § 2255 to vacate a judgment of conviction entered after a plea of guilty to one count of a four-count indictment charging the sale of marihuana without having paid the required tax, in violation of 26 U.S. C. § 4744(a).

The appellant and a co-defendant were indicted on four counts charging violations of the marihuana tax statute and one count charging them with the sale of marihuana without a written order form, in violation of 26 U.S.C. § 4742(a). After a non-jury trial had begun on all counts, Ennis changed his plea to guilty to one of the tax counts, and on December 17, 1965 he was sentenced to a term of five years imprisonment.

---

* Senior District Judge for the Southern District of New York, sitting by designation.

The Supreme Court in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), held that a claim of the Fifth Amendment privilege against self-incrimination is a complete bar to prosecution under section 4744(a). This court in United States v. Liguori, 430 F.2d 842 (1970), held that as to the Fifth Amendment privilege *Leary* is retroactive and will vitiate a guilty plea even in those cases where the plea is entered into as part of a bargain agreed to by all parties. The government's petitions for rehearing and rehearing *in banc* in *Liguori* were denied by this court on August 24, 1970. The government has sought certiorari from the Supreme Court (39 U.S.L.W. 3239). The present case is factually indistinguishable from *Liguori*, and pending instructions to the contrary that case is controlling in this circuit.

This case is dissimilar from the supposed case of the plea bargain in n. 2 of *Liguori*, since the bargain assumed there was one with knowledge and purpose to waive the defense of privilege against self-incrimination, which knowledge is absent here. However, as Chief Judge Lumbard pointed out, concurring in *Liguori*, reindictment or vacation of dismissal in the district court of the other counts may in a proper case be possible. This may be questionable here since more than five years have elapsed since the marihuana transactions unless the statute of limitations has in some manner been tolled.

The government contends that the present case is distinguishable from *Liguori* in that here appellant was initially charged with the unlawful transfer of marihuana which carries more severe penalties and to which he had no apparent defense, and that logic therefore dictates that Ennis would have waived the benefit of the *Leary* defense in order to avoid the more stringent mandatory sentences imposed under the transfer counts. We are not, however, inclined to rule on the basis of guesses as to what the appellant might have done under completely different circumstances.

The order of the district court is therefore reversed, and the case remanded with instruction that appellant's motion be granted.