**UNITED STATES of America, Appellee,**

v.

**Gabriel JIMINEZ, Appellant.**

**No. 752, Docket 35547.**

United States Court of Appeals, Second Circuit.

Argued March 17, 1971.

Decided June 11, 1971.

Robert P. Walton, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty. for the S.D.N.Y., Jay S. Horowitz, Asst. U. S. Atty., of counsel), for appellee.

Thomas D. Edwards, New York City, for appellant.

Before MOORE and SMITH, Circuit Judges, and TIMBERS, District Judge.*

J. JOSEPH SMITH, Circuit Judge:

Defendant appeals from a judgment of conviction for violation of the narcotics laws in the United States District Court for the Southern District of New York, Marvin E. Frankel, Judge. Defendant was convicted on trial to the court, jury waived, on two counts. One charged a conspiracy to violate 26 U.S.C. §§ 4705(a) and 7237(b) (which make it a crime to sell narcotics without an order form). The second count charged a substantive offense concerning concealment of 1.5 kilograms of cocaine, in vio-

* Chief Judge of the District of Connecticut, sitting by designation.

lation of 21 U.S.C. §§ 173 and 174. The defendant was sentenced to eight years on each count, to run concurrently.

The first point raised on appeal is that the evidence on the first count was insufficient in that it failed to establish that defendant intended to transfer cocaine without an order form. Defendant and his associate, one Ugarte, were arrested after Ugarte had shown packages of cocaine to an undercover government agent who, according to a prearranged deal, was to give defendant (who was there at the time) payment for the cocaine. While the agent pretended to count out the money, a signal was given to other agents who had been keeping the two defendants and the two government agents there under surveillance. The surveilling agents immediately arrested the defendants. Ugarte later pleaded guilty and was sentenced to imprisonment for eight years.

Defendant argues that "[s]ince no transfer took place, it is impossible to know what, if anything, the defendant had in mind concerning an order form." This may be so as far as absolute certainty is concerned. But the entire context of the meeting gave rise to an inference of illegality. The two federal agents had been posing as narcotics traffickers. The furtive and secret nature of the meeting indicated that the two defendants were not authorized dealers in narcotics. It is hardly conceivable that, after such a meeting, one of the sellers would produce an order form, to make the transaction perfectly legal. The evidence on count one was sufficient to establish guilt beyond a reasonable doubt.

The more serious problems concern count two. Defendant claims that since Judge Frankel as finder of fact relied upon the statutory presumption in concluding that the cocaine in question was imported and that defendant Jiminez had knowledge of that fact, the conviction is invalid. The Supreme Court held the cocaine presumption invalid in regard to small quantities in Turner v. United States, 396 U.S. 398, 90 S.Ct.

642, 24 L.Ed.2d 610 (1970). However, the Court noted:

> Since the illegal possessor's only source of domestic cocaine is that which is stolen, the United States urges that the § 174 presumption may be valid with respect to sellers found with much larger amounts of cocaine than Turner had, amounts which, it is claimed, are too large to have been removed from legal channels and which must therefore have been smuggled. * * * We find it unnecessary to deal with these problems and postpone their consideration to another day, hopefully until after the facts have been presented in an adversary context in the district courts. 396 U.S. at 419, n. 39, 90 S.Ct. at 654.

There can be little question that the 1.5 kilograms of cocaine involved in this case is far above the much smaller levels covered by the direct holding of *Turner* (*Turner* concerned less than one gram). The question of what to do with these larger amounts has been before the court in a number of recent cases, and is now settled for this circuit by United States v. Gonzales, Miranda and Ovalle, 442 F.2d 698 (2d Cir. May 14, 1971), holding that, on the basis of judicial notice of statistics supplied by the Bureau of Narcotics and other sources, the presumption of importation for cocaine of large quantities such as one kilogram should stand.

The presumption of knowledge of importation has a rational basis in the proof here, not only in the light of the large amount involved, see United States v. Gonzales, *supra*, at 710, but also by the facts that co-defendant Ugarte, who required the money to be delivered to appellant Jiminez, identified the cocaine to the agents as from a Chilean shipment, that Jiminez was found to be a co-conspirator with Ugarte in the scheme to sell the cocaine without a written order form, and that Jiminez was a Chilean citizen in this country as a result of jumping ship.

The judgment is affirmed on both counts.