Ricardo Perez **GOITIA**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 71 Civ. 3264.

United States District Court,
S. D. New York.

Dec. 29, 1971.

Ricardo Perez Goitia, pro se.

Whitney North Seymour, Jr., U. S. Atty., S.D. N.Y., New York City, for respondent; Elliot G. Sagor, Asst. U. S. Atty., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

The petitioner moves to vacate and expunge a judgment of conviction for "unlawful possession of Marijuana" entered upon his guilty plea in this Court on February 15, 1950, based upon Leary v. United States,[1] which held that a timely assertion of the privilege against self-incrimination was a complete defense to prosecution under 26 U.S.C., section 4744(a).[2] The government, while conceding the *Leary* holding is retroactive, even as to guilty pleas,[3] nonetheless opposes the petition on the ground of mootness.

This is the second application by petitioner to vacate his 1950 judgment of conviction. In May 1970 he applied for such relief upon a claim that the conviction was void because he had been advised by counsel that the offense was a misdemeanor, and that the Court had accepted his plea of guilty without complying with Rule 11 of the Federal Rules of Criminal Procedure. Judge Wyatt found the first claim to be false, the other without substance,

---

1. 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

2. The defendant was indicted under 26 U.S.C. § 2593(a), the predecessor section, which was substantially similar to the one considered in *Leary*.

3. United States v. Liguori, 430 F.2d 842 (2d Cir. 1970), cert. denied, 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118 (1971) ; *see also* United States ex rel. Ennis v. Fitzpatrick, 438 F.2d 1201 (2d Cir. 1971).

and the petition was dismissed.[4] It is evident that the present petition, as was the prior one, is intended to lay the groundwork for a challenge to three concurrent thirty-year sentences petitioner is now serving, imposed in February 1968 as a multiple narcotics offender following his conviction by a jury in the District Court of Puerto Rico.

More than twenty years have elapsed since he completed service of his 1950 sentence of six months. Accordingly, he seeks to vacate the judgment under which that sentence was imposed by way of a writ of error coram nobis,[5] an extraordinary remedy which the Supreme Court has admonished should issue "only under circumstances compelling such action to achieve justice."[6] There is no such compelling circumstance; there is no basis for any claim that petitioner would derive any benefit from the vacatur of the 1950 judgment of conviction[7]—to consider and grant petitioner's application would involve the Court in a futile gesture, as the facts readily demonstrate.

After his 1950 marijuana conviction, the defendant was convicted of a narcotics (heroin) charge in this Court on June 19, 1956, which is not challenged, so that as to any subsequent conviction the defendant was punishable as a multiple offender where the applicable statute so provides. His 1968 sentence in the District Court of Puerto Rico was based upon three separate counts in the indictment. The first charged a sale of heroin "not in or from the original stamped package,"[8] the penalty for which, in the instance of a second offender, was a term of five to twenty years, and for a third offender, from ten to forty years.[9] The second count charged the sale of heroin without a written order,[10] carrying a penalty for a second narcotic offender of ten to forty years,[11] and the third count charged a sale of heroin,[12] which in the instance of a second such offender carried a mandatory penalty of ten to forty years.[13] Since the petitioner does not attack his 1956 conviction, he was a second offender with respect to his 1968 convictions, and only the concurrent sentence imposed under the first count exceeds the permissible maximum. It is therefore the only one as to which petitioner could move for its correction as "an illegal sentence" under Rule 35 of the Federal Rules of Criminal Procedure.[14] On the other hand, the concurrent sentences imposed under the second and third counts come well within the authorized maximum of forty years for a second offender and so are not subject to attack; accordingly, no purpose would be served in vacating the 1950 judgment based upon petitioner's *Leary* claim.

The Court of Appeals for the Fifth Circuit, when confronted with a substantially similar factual situation, de-

---

4. Goitia v. United States, Pro Se 70 Civ. 1838 (S.D.N.Y., filed Sept. 8, 1970).

5. 28 U.S.C. § 1651. *See also* Carafas v. La Vallee, 391 U.S. 234, 237–240, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Pollard v. United States, 352 U.S. 354, 358, 77 S.Ct. 481, 1 L.Ed.2d 393 (1956); United States v. Morgan, 346 U.S. 502, 512–513, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Fiswick v. United States, 329 U.S. 211, 222, 67 S.Ct. 224, 91 L.Ed. 196 (1946); United States v. Keogh, 391 F.2d 138, 148–149 n. 9 (2d Cir. 1968).

6. United States v. Morgan, 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed. 248 (1954).

7. *Cf.* North Carolina v. Rice, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413, 40 U.S.L.W. 4073 (U.S. Dec. 14, 1971).

8. 26 U.S.C. § 4704(a).

9. 26 U.S.C. § 7237(a).

10. 26 U.S.C. § 4705(a).

11. 26 U.S.C. § 7237(b).

12. 21 U.S.C. §§ 173–74.

13. 21 U.S.C. § 174.

14. *See* United States v. Morgan, 346 U.S. 502, 506, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

clined to consider the *Leary* claim under a section 2255 motion, where concurrent sentences being served by petitioner were within the statutory maximum.[15] This opinion might well end here in the absence of any claim or showing of a specific benefit to the defendant were the 1950 judgment to be vacated.

The defendant, however, urges that since the information upon which the multiple offender sentence was imposed upon all three counts alleged that he was a "third offender," he is entitled to have the 1950 judgment vacated. The unarticulated premise is that he will then be in a position to move under Rule 35 for resentencing under the 1968 judgment of conviction not only upon the first count, which, since it exceeded the permissible maximum, was an "illegal sentence," but also upon the second and third counts, even though they were within the authorized maximum, since the information charged him as a "third offender" when in fact he was a "second offender"; further, that upon a resentencing he would again have the right of allocution and thus be in a position to persuade the sentencing court to impose a lesser term than thirty years with respect to the second and third counts, and that at most he could receive only a twenty-year sentence on the first count. A contention that he is entitled to be resentenced on the second and third counts is, to say the least, of doubtful validity. Assuming, however, its validity, the question remains whether petitioner has made a showing that he stands to benefit if this court acts upon his motion to vacate the 1950 judgment.

While it is true that recently the Supreme Court, in Benton v. Maryland,[16] held that the concurrent sentence doctrine is not a jurisdictional bar to a consideration of a challenged count where it runs concurrently with valid counts, that case did not mandate consideration of the challenged count in every instance—in fact, it did not bar its "continuing validity as a rule of judicial convenience."[17] Our Court of Appeals has not taken *Benton* to create a per se rule commanding consideration of all claims where collateral consequences, no matter how remote, may follow—to the contrary, it has adjured against any such wooden approach.[18] In the instant case, to quote our Court of Appeals, "the possibility of any future collateral consequences seems too remote to warrant a finding of present controversy"[19]—indeed, it may be said to be nonexistent.

■ A study of the sentencing minutes of his 1968 conviction indicates that the defendant's 1950 marijuana conviction was only of minimal consideration; that the Court's concern was with the totality of defendant's entire criminal record, which was extensive, and the viciousness of his conduct in committing various crimes; an aggravating factor noted by the Court was that defendant, after the start of his trial, forfeited his bail and became a fugitive from justice by willfully absenting himself from his trial. The Court also alluded to a conviction for assaulting a federal officer, causing him serious bodily injury, and to a then current "felony charge for the attack to commit murder." The prosecutor described the petitioner as a "wholesale trafficker in heroin"; the imme-

---

15. Thomas v. United States, 431 F.2d 940 (5th Cir. 1970).

16. 395 U.S. 784, 789–790, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

17. *Id.* at 791, 89 S.Ct. 2061; *cf.* United States v. Febre, 425 F.2d 107, 113–14 (2d Cir.), cert. denied, 400 U.S. 849, 91 S.Ct. 40, 27 L.Ed.2d 87 (1970); United States ex rel. Epton v. Nenna, 318 F.Supp. 899, 907 (S.D.N.Y.1970).

18. *See* United States v. Febre, 425 F.2d 107, 113–114 (2d Cir.), cert. denied, 400 U.S. 849, 91 S.Ct. 40, 27 L.Ed.2d 87 (1970). *See also* United States ex rel. Weems v. Follette, 414 F.2d 417, 419 (2d Cir. 1969), cert. denied, 397 U.S. 950, 90 S.Ct. 973, 25 L.Ed.2d 131 (1970).

19. United States ex rel. Machado v. Wilkins, 423 F.2d 385, 387 n. 4 (2d Cir. 1970).

diate case as "one of the largest narcotics transactions we have had in Puerto Rico for many, many years," and branded the petitioner as a "hardened member of the criminal underworld." It was against that background of a life of lawlessness and criminality that the thirty-year concurrent sentences were imposed.

There can be little doubt that had the 1950 conviction been eliminated, it would not have affected his sentence as a second narcotics violator upon the second and third counts.[20] This is underscored by the fact that after the defendant had commenced service of his sentence, and following affirmance of his conviction,[21] he moved in June 1970 for a reduction of sentence under Rule 35, based upon a plea in misericordia in which he not only stressed his age, but also that his confinement had convinced him of the futility of his life of crime and that upon his release he was prepared to lead a law-abiding existence. The sentencing judge denied his motion, stating, "the latest application of defendant for reduction of sentence . . . has been fully considered and everything in this case again reviewed. The Court finds no showing or facts or other consideration warranting modification of sentence. . . ."

In sum, this case precludes a finding of the existence of a present controversy,[22] since it may be said with confidence "that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction."[23] This is true not only with respect to a possible change in the sentence under which petitioner is now confined, but also as to other matters such as voting rights, disqualification for employment or possible increased penalties in the event, following his release, he is again thereafter convicted of a crime. Even were the 1950 conviction eliminated, he would, if again convicted of a narcotics offense, be a third narcotic offender, and the recidivist statute has as its ultimate, third offenders; and as to state statutes, the fact is that, considering all his offenses, he would be a fourth felony offender.

Since this Court is persuaded that no benefit can be derived by the petitioner from the vacatur of the 1950 conviction, and it is not required in the interest of justice, the motion is denied.

---

20. *Cf.* United States v. Morgan, 346 U.S. 502, 516 n. 4, 74 S.Ct. 247, 98 L.Ed. 248 (1954), cited by Chief Justice Warren in Sibron v. New York, 392 U.S. 40, 54, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

21. Goitia v. United States, 409 F.2d 524 (1st Cir. 1969), cert. denied, 397 U.S. 906, 90 S.Ct. 896, 25 L.Ed.2d 86 (1970).

22. *Cf.* United States ex rel. Machado v. Wilkins, 423 F.2d 385, 387 (2d Cir. 1970).

23. Sibron v. New York, 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).