**Achilles ABBAMONTE, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 71 Civ. 5184.**

United States District Court,
S. D. New York.

Jan. 12, 1972.

**1181**

---

Achilles Abbamonte, pro se.

Whitney North Seymour, Jr., U. S. Atty. for Southern District of New York, New York City, for United States of America; Robert P. Walton, Asst. U. S. Atty., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, convicted in November 1954 upon his plea of guilty to (1) violation of sections 173 and 174 of Title 21 [1] (cocaine hydrochloride), and (2) conspiracy to violate the foregoing narcotics laws, moves, some seventeen years thereafter, to vacate the judgment of conviction upon the authority of Turner v. United States,[2] which invalidated the presumption provision of section 174 of Title 21 as applied to relatively small amounts of cocaine. He was then sentenced as a second narcotics offender, having been convicted in this court in 1948 on a heroin charge under the same section 174. He was again convicted in June 1964 in this court of another violation of section 174 of Title 21, this one involving a sale of sixty grams of heroin, and was sentenced as a third narcotics offender to a term of impris-

---

1. These sections were repealed, effective May 1, 1971, by § 1101(a) (2) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91–513, 84 Stat. 1291.

2. 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

onment of fifteen years, which he is now serving.[3] Since the sentence imposed under the second, or 1954, conviction has been fully served, the petitioner seeks a writ of error coram nobis pursuant to 28 U.S.C., section 1651. It is evident that this application is intended to lay the groundwork for a motion with respect to the 1964 conviction under which petitioner was sentenced as a third narcotics offender.

■■■ The motion is denied for a number of reasons. First, *Turner* did not, as petitioner assumes, strike down the presumption provision of section 174 with respect to all cocaine. It was found invalid only in regard to relatively small quantities.[4] The amount of cocaine there involved was 14.68 grams, 5% pure. Our Court of Appeals has, since *Turner*, held the presumption provision of section 174 applicable in a number of instances.[5] The quantity here involved, approximately 140 grams (4.9 ounces) is ten times the amount in *Turner*, and was sufficient to permit the application of the presumption section. Our Court of Appeals in United States v. Gonzalez,[6] noted that a relatively small proportion of cocaine legally produced in this country "is stolen from legitimate sources in the United States and thereby might find its way into illicit drug traffic; the remainder is smuggled."[7] And the court, based upon expert testimony, further observed "that it would be unlikely that a drug store would stock more than one ounce of cocaine hydrochloride or a hospital more than three or four ounces. Thefts from legitimate sources, then, would be of small amounts at any one time."[8] In the instant case, which involved a quantity in excess of any amount likely to be carried in a drug store or hospital, it would involve far-reaching speculation, as in *Gonzalez*, to conclude that this cocaine was domestically produced rather than illegally imported. Similarly, *Gonzalez* teaches that the inference, authorized by the statute from the possession of a large quantity of cocaine, that the defendant knew of its illegal importation, "is sufficiently rational to withstand all constitutional attacks."[9]

■■ Next, the petitioner's plea of guilty was entered prior to the ruling in *Turner*. He was represented by knowledgeable and experienced counsel. Before his plea of guilty was accepted, he was thoroughly questioned to assure that it was voluntarily and understandingly entered. His plea of guilty is in no way vitiated by the decision in *Turner*, entered sixteen years thereafter. As the Supreme Court recently stated in an analogous context:

"It is no denigration of the right to trial to hold that when the defendant . . . admits his guilt, he does so under the law then existing; further, he assumes the risk of ordinary error in either his or his attorney's assessment of the law and facts. Although he might have pleaded differently had later decided cases then been the law, he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that

---

3. The judgment of conviction was affirmed on appeal, United States v. Abbamonte, 348 F.2d 700 (2d Cir. 1965) ; and the Supreme Court denied certiorari, 382 U.S. 982, 86 S.Ct. 557, 15 L.Ed.2d 472 (1966).

4. Turner v. United States, 396 U.S. 398, 419 n. 39, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). *See also* United States v. Jiminez, 444 F.2d 67 (2d Cir. 1971).

5. *See* United States v. Smart, 448 F.2d 931 (2d Cir. 1971) (831 grams) ; United States v. Contreras, 446 F.2d 940 (2d Cir. 1971) (per curiam) (690 grams,

17.7% pure) ; United States v. Jiminez, 444 F.2d 67 (2d Cir. 1971) (1.5 kilograms) ; United States v. Vargas, 443 F.2d 901 (2d Cir. 1971) (per curiam) (820 grams, 42% pure) ; United States v. Gonzalez, 442 F.2d 698 (2d Cir. 1971) (35 ounces), adhered to on rehearing en banc, 442 F.2d 705 (2d Cir. 1971).

6. 442 F.2d 698 (2d Cir. 1971).

7. *Id.* at 701 (footnote omitted).

8. *Id.* at 701.

9. *Id.* at 710.

his plea was not, after all, a knowing and intelligent act." [10]

We are not dealing here with a statute under which the government could not prosecute the defendant because of some constitutional barrier, as in United States v. Liguori.[11] Rather, this is a case where, even if the inference authorized by the statute were impermissible, the government could prosecute the defendant, but would be required to establish the essential elements of the offense without reliance upon the inference. The fact that an intervening decision imposes a heavier burden upon the prosecution or makes its case weaker than the defendant originally thought does not vitiate a guilty plea.[12]

■ Finally, the issue posed by the petitioner is rendered moot by the circumstances of his case. The Supreme Court has admonished that the extraordinary writ of coram nobis should issue "only under circumstances compelling such action to achieve justice."[13] There is no such compelling circumstance here. There is no basis for any claim that petitioner could derive any benefit from the vacatur of the 1954 judgment of conviction.[14] To grant petitioner's application would involve the court in a futile gesture, as the facts readily demonstrate. As already noted, prior to his 1954 conviction, petitioner had been convicted in 1948 of a heroin violation. Thus, even were the 1954 conviction to be vacated, he was a multiple offender in 1964 when sentenced for that narcotics conviction, and the permissible sentence for a second narcotics offender was from ten to forty years.[15] Since petitioner was sentenced to a term of fifteen years, it was well within the maximum and no purpose would be served by the vacatur of his 1954 judgment of conviction.

---

10. McMann v. Richardson, 397 U.S. 759, 774, 90 S.Ct. 1441, 1450, 25 L.Ed.2d 763 (1970) ; see Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) ; Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970) ; cf. Tiru v. United States, 314 F.Supp. 524 (S.D.N.Y.1970).

11. 430 F.2d 842 (2d Cir. 1970), cert. denied, 402 U.S. 948, 91 S.Ct. 1614, 29 L. Ed.2d 118 (1971) (marijuana tax statute violated privilege against self-incrimination). See also Harrington v. United States, 444 F.2d 1190 (5th Cir. 1971) ; United States ex rel. Ennis v. Fitzpatrick, 438 F.2d 1201 (2d Cir. 1971).

12. See Brady v. United States, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) ; cf. Tiru v. United States, 314 F.Supp. 524 (S.D.N.Y.1970).

13. United States v. Morgan, 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed. 248 (1954). See also United States v. Keogh, 391 F.2d 138, 148 (2d Cir. 1968).

14. Cf. North Carolina v. Rice, 40 U.S. L.W. 4073 (U.S. Dec. 14, 1971).

