James Taylor **LOVAN**, Petitioner,

v.

John W. **WINGO**, Warden, Kentucky State Penitentiary, Respondent.

Civ. A. No. 2414.

United States District Court,
W. D. Kentucky,
Owensboro Division.

Jan. 6, 1970.

James Taylor Lovan, pro se.

John B. Breckinridge, Atty. Gen., Frankfort, Ky., for respondent.

## ORDER

JAMES F. GORDON, Chief Judge.

Pursuant to the provisions of 28 U. S.C. § 2241 petitioner in the above-styled action has caused to be filed with this Court a petition for writ of habeas corpus together with a motion to proceed in forma pauperis. Leave to proceed in forma pauperis was granted and a show cause order issued.

On September 28, 1967 petitioner, accompanied by counsel, appeared before the Hopkins Circuit Court, Hopkins County, Kentucky and entered pleas of guilty to three indictments charging him, respectively, with schoolhouse breaking, hog stealing and storehouse breaking. Following his pleas of guilty petitioner was sentenced to serve five years on each charge, said sentences to run consecutively for a total of fifteen years.

On April 3, 1969 petitioner filed with the Hopkins Circuit Court a motion to vacate judgment, RCr 11.42, Kentucky Rules of Criminal Procedure. Said motion was overruled without a hearing on May 30, 1969. On June 4, 1969 petitioner filed his notice of appeal, but on September 24, 1969 the appeal was dismissed for petitioner's failure to file the record on appeal within sixty days following his notice of appeal as required by RCr 12.58, Kentucky Rules of Criminal Procedure. The sixtieth day fell on August third and the record was filed with the Clerk of the Court on August fifth.

Petitioner argues at length that it was the circuit clerk's responsibility and not his to see that the record on appeal was filed with the Court of Appeals. In answer to this argument it is sufficient to say that while the circuit clerk may, at his discretion, have moved for an extension of time, the responsibility for getting the record to the Court of Appeals still rested with petitioner. However, the question with which this Court is concerned is whether or not petitioner has, by his failure to perfect his appeal, exhausted his state remedies.

RCr 11.42(3), Kentucky's post-conviction remedy, provides: "* * * Final disposition of the motion shall

conclude all issues that could have reasonably been presented in the same proceeding". RCA 1.070(a) provides: "To perfect an original civil or criminal appeal the appellant shall (1) cause the record on appeal to be filed, * * *". It appears that under Kentucky law the failure to perfect an appeal from one's initial 11.42 proceeding can operate as a bar to subsequent 11.42 proceedings. Deweese v. Commonwealth, Ky., 407 S.W.2d 402 (1966); Caudill v. Commonwealth, Ky., 408 S.W.2d 182 (1966); Milner v. Commonwealth, Ky., 408 S.W.2d 646 (1966). While the rule is not applied with uniformity, still this Court cannot remand this case for petitioner's failure to exhaust his state remedies when it appears doubtful that he still has a state remedy available to him. Nor does it appear that this Court may refuse to entertain petitioner's writ because of any deliberate effort on his part to by-pass state court procedural requirements. Baker v. Lee, 384 F.2d 703 (5th Cir., 1967).

■ Respondent's attention is directed to the fact that this Court can no longer see its way clear to summarily dispose of petitions similar to the present one simply because the Attorney General maintains there has been a failure to exhaust state remedies. While comity imposes upon us the requirement that applicants for writs of habeas corpus first utilize the orderly procedure of the state courts, such we do not feel is imposed where it appears that state procedural rules have the effect of rendering such applicants without a state remedy in actual practicality. It is one thing to say that such applicants may file another motion to vacate, but this is not to say that they will be heard on the merits. To say that adequate post conviction relief exists when an incarcerated man is expected to keep a day by day tab on a circuit clerk or forfeit any hope of collateral attack is to ignore the purpose of post conviction relief. In the future, if it cannot be said with certainty, that applicants for writs of habeas corpus have such practical access to state courts as would entitle them to be heard on the merits of their claims; then a response that does not go to the merits of the claim must be deemed by us to be inadequate. No reflection on the present response is intended, it is just that the case at bar merely exemplifies the circle that has been created for applicants for post conviction relief under RCr 11.42.

■ As grounds for relief petitioner first sets forth that, while knowing petitioner had been committed to a mental institution some six years previously, the trial judge overruled defense counsel's motion to have petitioner committed. Petitioner does not state the reason for the previous commitment. He does not set forth the reasons given for the motion to have him committed. He does not say whether or not there was any effort to determine if he was mentally competent. He does not insinuate that he did not understand the nature of the proceedings against him nor does he allege that he was mentally incompetent. In fact, all we have is petitioner's bare allegation that the trial judge's failure to have him committed to a mental hospital deprived him of due process under the law. Such an allegation falls far short of creating the "sufficient doubt" raised in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, upon which petitioner relies.

While a plea of mental incompetency at the time of entering a plea of guilty is a proper subject for consideration, this Court will not give consideration to such a claim absent some factual showing that petitioner was indeed incompetent. A previous commitment to a mental hospital without more is not sufficient.

Petitioner next maintains that his "ineffective counsel" assisted the prosecutor in threatening him with a recidivist conviction if he did not plead guilty.

In 1958 petitioner was found guilty of two counts of forgery and received two, two year suspended sentences and was placed on probation. In 1959 the

probation was revoked and petitioner was sent to the penitentiary. In 1961, following his release from custody, petitioner was indicted for schoolhouse breaking and storehouse breaking. After being found guilty on both charges petitioner received consecutive sentences totaling three years. The indictments which charged petitioner with the offenses for which he is presently serving time also set forth his prior record of four felony convictions and charged him as an habitual criminal under K. R.S. 431.190. Under the provisions of this section one convicted a third time of a felony "* * * shall be confined in the penitentiary during his life".

A guilty plea prompted by promises or threats in and of itself is not void. Before such a plea may be deemed void it must be shown that the promises or threats rendered the plea involuntary. Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473. Merely stating that the plea was coerced is not enough, rather such a statement must be supported by facts. Humphries v. Green, 397 F.2d 67, 70 (6th Cir., 1968). Here petitioner was facing a life sentence if he went to trial as a habitual criminal. Instead, on the advice of counsel, he chose to plead guilty and receive fifteen years. Far from making out a case of coercion, it appears from petitioner's own account that he made a rational choice with a full understanding of the circumstances. Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009. This is not a case of a prosecutor making unkept promises or groundless threats, rather it is a case of one making a compromise after having been given the facts of the charges he faced and, as such, is no more than an example of plea negotiation. Lassiter v. Turner, 279 F.Supp. 231 (E.D.N.C., 1968). Under such circumstances it can neither be said that the plea was involuntary nor counsel ineffective. Nor can the Court imply anything from petitioner's contention that the provisions of K.R.S. 431.190 are mandatory.

Accordingly, it is hereby ordered that the petition for writ of habeas corpus is overruled. It is further ordered that respondent's motion to dismiss for failure to exhaust state remedies is overruled.