**Frank Sepulveda CASADOS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 26382.

United States Court of Appeals,
Fifth Circuit.

April 28, 1970.

Frank Sepulveda Casados, pro se.

Seagal V. Wheatley, U. S. Atty., Western District of Texas, Ralph H. Harris, III, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before TUTTLE and GEWIN, Circuit Judges, and PITTMAN, District Judge.

PER CURIAM:

This is an appeal from the denial of a motion to vacate judgment and sentence pursuant to 28 U.S.C. § 2255.[1] Appellant was convicted on a three count indictment charging two separate violations of 21 U.S.C. § 176a (smuggling of marihuana), and violation of 26 U.S.C. § 4744 (a) (1) (unlawful possession of marihuana). In support of his motion, appellant contended that the above statutes violate his fifth amendment right against self-incrimination, relying on the Supreme Court's decisions in Marchetti v. United States,[2] Grosso v. United States,[3] and Haynes v. United States.[4] The district court denied relief on the authority of our decision in Leary v. United States.[5]

Since the determination below, the Supreme Court has reversed *Leary*.[6] The Court held that the presumptions embodied in 21 U.S.C. § 176a are unconstitutional and that a timely assertion of the privilege against self-incrimination is a complete defense to prosecution under 26 U.S.C. § 4744(a) (2). In addition to *Leary*, there are other recent decisions affecting appellant's situation.[7]

The government contends that the defective presumptions of § 176a were not employed in appellant's trial. It also

---

1. This case has been before this court on two previous occasions. On direct appeal we affirmed the conviction on the merits, Casados v. United States, 300 F.2d 845 (5th Cir. 1962). Denial of relief under a former 2255 motion based on other contentions was also affirmed, Casados v. United States, 354 F.2d 688 (5th Cir. 1966).

2. 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968).

3. 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968).

4. 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968).

5. 383 F.2d 851 (5th Cir. 1967), rehearing denied, 392 F.2d 220 (1968).

6. Leary v. United States, 395 U.S. 6, 89 S. Ct. 1532, 23 L.Ed.2d 57 (1969).

7. See United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969); United States v. Lucia, 416 F.2d 920 (5th Cir. 1969), modified, 423 F.2d 697 [March 30, 1970].

urges that the present motion does not constitute a timely assertion of the privilege as it relates to the § 4744(a) (1) count. On the scant record of the present appeal we are unable to resolve these questions, and conclude that the case should be remanded to the district court. It may supplement the record where necessary and reconsider the petition in light of recent developments in the law.

The judgment of the district court denying relief is vacated and the cause is remanded for further consideration.

Vacated and remanded.