**Kenneth L. HICKS, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–25.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Aug. 19, 1970.

Supplemental Opinion and Judgment
Oct. 7, 1970.

Robert G. Dinsmore, Harrisonburg, Va., for petitioner.

Vann H. Lefcoe, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus

filed *in forma pauperis* by Kenneth L. Hicks, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed with this court on July 13, 1970.

Petitioner is presently serving a term of fifteen years in the Virginia penal system pursuant to convictions, imposed on May 17, 1968, by the Circuit Court of Augusta County on three charges of breaking and entering. Petitioner, represented by court-appointed counsel, entered pleas of guilty and was tried by a judge without a jury.

On May 23, 1969 petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Augusta County. On September 2, 1969 the petition was denied without a hearing. On February 23, 1970, petitioner filed a petition for a writ of habeas corpus with the Virginia Supreme Court of Appeals. That petition was dismissed on June 16, 1970. While petitioner was not demonstrative in this second petition, he did allege essentially the same claims as those made in the present petition. Having presented his claims to the state's highest court, petitioner has exhausted his available state remedies in compliance with 28 U.S.C. § 2254. Thomas v. Cunningham, 313 F.2d 934 (4th Cir.1963).

■ Petitioner alleges that he was denied the right to appeal. After a plea of guilty in the Virginia courts, a defendant has the right only to appeal jurisdictional defects or that the sentence imposed exceeded that authorized by law. Peyton v. King, 210 Va. 194, 169 S.E.2d 569 (1969). This court will not consider this claim unless it can find that the sentence imposed exceeded that authorized by law or a scintilla of evidence indicating a jurisdictional defect. St. Clair v. Cox, 312 F.Supp. 168 (W.D. Va. March 18, 1970). The court cannot find either in this case.

■ Petitioner next complains that the evidence was insufficient. A plea of guilty is itself a conviction and the court is not required to do more than pass judgment and fix the punishment. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).

■ Petitioner alleges that one of his indictments was faulty. The indictments are part of the record and on examination this court finds they are sufficient for purposes of satisfying due process—they clearly state the nature and cause of the charge so that petitioner could prepare his defense or plead former jeopardy. Hawks v. Peyton, 288 F.Supp. 94 (W.D.Va.1968); Austin v. Peyton, 279 F.Supp. 227 (W.D.Va.1968).

■ Petitioner alleges that he was wrongfully denied a copy of the trial transcript. Indigents are not entitled to a free transcript of the trial proceedings for use in habeas corpus matters without a showing of need. See United States v. Shoef, 341 F.2d 832 (4th Cir. 1964); United States v. Glass, 317 F.2d 200 (4th Cir.1963). Petitioner is not entitled to a transcript for the contentions raised.

Petitioner alleges that his plea of guilty was induced by the promise from his attorney that on conviction of the three charges, he would receive no more than a total five year sentence. A hearing is necessary to determine this claim. The hearing is set at the Harrisonburg Division on September 21, 1970 at 11:00 a. m.

Finally petitioner alleges that he was given ineffective representation by counsel. He alleges this in general and with regard to his other claims. The court rejects this claim insofar as it relates to the previously determined claims. With regard to the general claim, petitioner will be given the opportunity at the hearing to support this claim with facts.

For the foregoing reasons the petition is dismissed and the relief denied except with regard to the matters retained for consideration upon the hearing.

If the petitioner wishes to appeal the claims determined adverse to him or any part thereof, he may do so by filing with the clerk of *this* court a notice of

319

appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;
2. The judgment, order or part thereof appealed from; and
3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to certify copies of this opinion and judgment to the petitioner and to the respondent.

## SUPPLEMENTAL OPINION AND JUDGMENT

This petition for a writ of habeas corpus was filed on July 13, 1970. By opinion entered August 19, 1970, 318 F.Supp. 317 all but one of petitioner's claims were dismissed on the merits. As to the remaining claim the court held a hearing on September 21, 1970.

 This last claim attacks the voluntary nature of the guilty plea. Petitioner alleges that his counsel promised him that petitioner would receive no more than five years upon a plea of guilty to three charges. Upon conviction for these charges petitioner was sentenced a total term of fifteen years—consecutive five year terms on each charge.

Having heard the evidence on the claim, the court finds that petitioner's attorney never made the asserted promise and that petitioner's plea of guilty was not based thereon. Petitioner's counsel denies having promised petitioner a five year sentence on a plea of guilty. While the court relies heavily on the testimony of petitioner's trial counsel, matters of record support the finding that the plea of guilty was voluntary.

The record shows the trial judge satisfied himself that the plea of guilty was voluntarily entered with understanding of the consequences. While petitioner avers ignorance of the maximum penalties, the record also shows the trial judge informed petitioner of the same.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;
2. The judgment, order or part thereof appealed from; and
3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to certify copies of this opinion and judgment to the petitioner and to the respondent.