**UNITED STATES of America ex rel. Wallace CULBREATH**

v.

**Alfred T. RUNDLE.**

**Civ. A. No. 70-2008.**

United States District Court, E. D. Pennsylvania.

Dec. 31, 1970.

---

Wallace Culbreath, pro se.

Stephen J. McEwen, Jr., Dist. Atty. of Delaware County, by Ralph B. D'Iorio, Asst. Dist. Atty., for defendant.

## OPINION AND ORDER

HANNUM, District Judge.

Presently before the court is a petition for writ of habeas corpus in which relator, Wallace Culbreath, attacks his conviction for murder in the second degree on Indictment No. 399, September Sessions, 1968, Court of Oyer and Terminer, County of Delaware.

The sole ground upon which relator challenges the legality of his present incarceration is that the trial court's refusal to permit him to withdraw his plea of guilty was an abuse of discretion which denied him due process of law.

Relator has exhausted his state remedies with respect to his present contention. After carefully reviewing the entire state court record, the court concludes that it is factually complete and adequate and that an evidentiary hearing in this court is not necessary. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

On January 13, 1969, relator appeared for trial on the aforementioned bill of indictment and was represented by counsel. The notes of testimony of relator's trial (hereinafter cited as N.T. "Trial") indicated that prior to the actual commencement of the jury selection and the trial itself, a conference was held in chambers. When court reconvened, defense counsel indicated that it was relator's desire to change his plea to guilty. Both defense counsel and the court conducted an extensive on the record interrogation of relator to determine the voluntariness and intelligence of his decision, and thereafter a plea of guilty was entered (N.T. Trial 6, 7, 8–15).

The court then heard testimony to determine the degree of guilt and concluded that relator was guilty of second degree murder. Sentence was deferred pending a presentence investigation.

On April 8, 1969, relator filed a petition for leave to withdraw his guilty plea alleging that he was under a misapprehension as to the sentence he would receive. On June 12, 1969, a hearing was held on that petition, and on July 29, 1969, in an Opinion and Order, the trial court dismissed the petition and ordered relator to appear for sentence.

On August 20, 1969, the trial court sentenced relator to six to twelve years imprisonment.

On appeal, the Supreme Court of Pennsylvania affirmed in an Opinion by Chief Justice Bell dated April 22, 1970. Commonwealth v. Culbreath, 439 Pa. 21, 264 A.2d 643 (1970). This petition followed.

In both the federal and state courts the withdrawal of a plea of guilty is a matter that is left to the sound discretion of the trial court and will not be reversed absent a clear showing of abuse of discretion or error of law. Commonwealth v. Scoleri, 415 Pa. 218, 202 A.2d 521, 203 A.2d 319 (1964); United States v. Stayton, 408 F.2d 559 (3d Cir. 1969); United States ex rel. Phelan v. Brierley, 312 F.Supp. 350 (E.D.Pa. 1970).

The Supreme Court of Pennsylvania specifically found that the trial court had not abused its discretion. Upon review of the state court record, this court agrees.

The notes of testimony of relator's trial clearly indicate that his decision to enter a plea of guilty was both knowingly and voluntarily made. Relator was

informed of the consequences of such a plea and specifically stated that no promises had been made to him by either the District Attorney or his counsel to induce him to change his plea or as to what possible sentence he would receive (N.T. Trial 9, 12).

It is also important to note that relator's request was made prior to his actual sentencing and thus at a time when relator had no knowledge of what sentence the court would impose. At that time relator's alleged misapprehension amounted to no more than suspicion or conjecture. To permit the withdrawal of relator's guilty plea on facts of this record and on what amounted to nothing more than a mere whim, would be to blind oneself to reality or attribute to relator an intentional falsification of his previous answers to the questions of the court and his counsel.

What is more probable and believable in this case is that relator entered his plea of guilty in the *hope* of receiving a lesser penalty. As such, this would not be a proper basis for invalidating his guilty plea. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (November 23, 1970).

Accordingly relator's petition will be denied.