438 F.2d 128
 Albert HILLAIRE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 29407 Summary Calendar.*
*Rule 18, 5th Cir. See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 3, 1971.
 
 Albert Hillaire, pro se.
 Seagal V. Wheatley, U.S. Atty., Reese L. Harrison, Jr., Asst. U.S. Atty., Jeremiah Handy, Asst. U.S. Atty., San Antonio, Tex., for appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Albert Hillaire appeals from an order of the district court denying his motion to vacate judgment and sentence filed pursuant to 28 U.S.C. 2255.[1] We affirm.
 
 
 2
 On November 28, 1966 the appellant pleaded guilty to conspiracy to import, receive, conceal, sell and facilitate the transportation of some 2400 pounds of marihuana, in violation of 21 U.S.C. 176a. He now contends that his guilty plea was not freely and understandingly entered because it was induced by the presumption stated in 176a. The provision of 176a which allowed a jury to infer knowledge of illegal importation from the fact of possession was held unconstitutional in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).
 
 
 3
 Leary is not applicable because this case was not tried and the presumption invalidated in Leary was not used. The plea of guilty by appellant was an admission of the facts presumed under 176a; and under that plea he waived all non-jurisdictional issues or objections. Mejia v. United States,430 F.2d 1273 (5th Cir. 1970); Cooper v. Holman, 356 F.2d 82 (5th Cir. 1966); Busby v. Holman, 356 F.2d 75 (5th Cir. 1966).
 
 
 4
 Affirmed.
 
 
 
 [1]
 There co-defendants of appellant were tried and convicted. On appeal to this Court the judgments of conviction were affirmed. Matthews v. United States, 407 F.2d 1371 (5th Cir. 1969), cert. denied 398 U.S. 968, 90 S.Ct. 2177, 26 L.Ed.2d 554