440 F.2d 775
 Ronald MORALES-GUARJARDO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 30717 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al, 5th Cir., 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 April 2, 1971.
 
 Ronald Morales-Guarjardo, pro se.
 Robert W. Rust, U.S. Atty., Michael J. Osman, Lloyd G. Bates, Jr., Asst. U.S. Attys., Miami, Fla., for appellee.
 Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal by a federal prisoner from the district court's denial of his motion to vacate judgment and sentence, 28 U.S.C. 2255. We affirm.
 
 
 2
 The appellant, represented by court appointed counsel, pleaded guilty on June 12, 1969, to smuggling one kilo of cocaine into the United States in violation of 21 U.S.C. 174; and he was sentenced to serve a five year sentence. He now challenges the validity of that conviction.
 
 
 3
 The first ground of error alleged by the appellant in support of his 2255 motion is that his trial court improperly accepted his guilty plea without first determining that the plea was voluntarily and understandingly entered, as is required by Rule 11, Federal Rules of Criminal Procedure. We have carefully examined the transcript of appellant's arraignment, and conclude that there is no basis for the appellant's contention, since the plea was only accepted after the appellant stated to the court that his guilty plea was 'absolutely not' the result of any threats or promises but that he was pleading guilty because was in fact guilty. He also told the court that he knew he could receive a minimum sentence of five years or a maximum sentence of twenty years. Only then, and after hearing testimony from the U.S. Customs Officer who arrested the appellant, did the court accept the guilty plea. The mere fact that the trial judge failed to advise the appellant of his ineligibility for parole under a conviction for a 21 U.S.C. 174 offense does not invalidate his guilty plea as having been entered without an understanding of the nature of the consequences of the plea. Onick v. United States, 5 Cir., 1970, 425 F.2d 1292; Sanchez v. United States, 5 Cir., 1969, 417 F.2d 494; Trujillo v. United States, 5 Cir., 1967, 377 F.2d 266, cert. denied 1967, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221.
 
 
 4
 The appellant also contends that his conviction should be set aside in light of the Supreme Court's decision in Turner v. United States, 1970,396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610. In that case it was held that the provision of 174 which allowed a jury to infer knowledge of illegal importation of cocaine from the mere fact of possession was unconstitutional. Turner is clearly inapplicable, since the appellant in this case was convicted upon his valid plea of guilty, rather than upon the verdict of a jury. See Mejia v. United States, 5 Cir., 1970, 430 F.2d 1273.
 
 
 5
 The appellant further complains that he had insufficient time between his indictment and his arraignment to prepare an effective defense and to receive effective assistance of counsel. The record before this Court discloses that the appellant was arrested and brought before the United States Commissioner on May 28, 1969. He was indicted on June 4, 1969, and arraigned on June 12, 1969. Neither the appellant nor his court appointed counsel requested a continuance prior to entry of the guilty plea. Moreover, the appellant stated at the arraignment that he had discussed his case with his attorney, that he understood the charges against him, and that he had no further questions that he wanted to ask either his lawyer or the court about the charges.
 
 
 6
 The final contention the appellant presents upon this appeal is that the indictment under which he was convicted is invalid on its face because it is not signed by the foreman of the grand jury.[1] This argument is patently without merit inasmuch as the record in the appellant's criminal case affirmatively shows that the indictment is in fact signed by the foreman of the grand jury.
 
 
 7
 We perceive no error in the district court's denial of the appellant's 2255 motion. Accordingly, the judgment below is
 
 
 8
 Affirmed.
 
 
 
 [1]
 The appellant has further argued in his appeal brief that his conviction is invalid because the arresting officer failed to advise him in the Spanish language of his right under Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Since this contention was never presented to the District Court the issue is not properly before this Court; Hemming v. United States, 5 Cir., 1969, 409 F.2d 11