**UNITED STATES of America ex rel.
John J. KORESKO
v.
A. T. RUNDLE, Supt.
Misc. No. 69-625.**

United States District Court,
E. D. Pennsylvania.
July 28, 1971.

John J. Koresko, pro se.

Stewart J. Greenleaf, Asst. Dist. Atty., Norristown, Pa., for respondent.

## OPINION AND ORDER

WOOD, District Judge.

Relator has petitioned the Court for a writ of habeas corpus. He was arrested on November 7, 1967 and charged in Bills of Indictment Nos. 2107 to 2115. On May 28, 1968 in the Court of Common Pleas of Montgomery County he pleaded guilty to all the Bills of Indictment except Bill No. 2110 to which he entered a plea of not guilty. He was sentenced to a term of 4½ to 12 years in prison.

Relator petitioned for relief under the Post Conviction Hearing Act, 19 Pa.Stat.Ann. § 1180–1 *et seq.*, alleging *inter alia* that his guilty plea had not been voluntarily entered, that he had been denied effective assistance of counsel and that he had been denied his right of appeal. The Court denied his petition but granted him the right to appeal *nunc pro tunc*. Relator then brought the instant petition for habeas corpus relief in which he stated that he refused to exercise his right to appeal *nunc pro tunc*. Accordingly his petition was denied without prejudice for failure to exhaust state remedies. He subsequently moved to have his petition reinstated but, as he had still not exhausted state remedies, we again denied his petition without prejudice. It now appears that relator has attempted to exhaust his state remedies and that further relief is unavailable to him. Accordingly his petition is appropriate for adjudication. 28 U.S.C. § 2254(c). As relator was accorded a full and fair evidentiary hearing in the state court, there is no necessity for a further hearing in this Court. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). In addition to the grounds previously stated, relator also alleges that he was improperly arrested, interrogated by police without being advised of his constitutional rights, and subjected to an illegal search and seizure. As a plea of guilty, voluntarily entered, operates as a waiver of such claims, United States v. Ptomey, 366 F.2d 759 (3rd Cir. 1966), we turn first to the issue of the voluntariness of relator's plea.

Relator challenges the validity of his guilty plea on the grounds that (1) at the time that he entered his plea he

was under the influence of a drug called melarill which prevented him from understanding the nature of his plea and (2) he believed that if he pleaded guilty he would be returned to Norristown State Hospital instead of being sentenced to prison.

The state court found that relator's contention that he was prevented from understanding the nature of his plea by the effect of melarill was without merit. Such a finding, if supported by the record, must be presumed to be correct. 28 U.S.C. § 2254(d); Townsend v. Sain, *supra*. The record in the instant case clearly supports the state court's finding.

Before relator entered his guilty plea a full inquiry was made into the voluntariness of the plea. Under the Court's direction, the District Attorney questioned relator in the following manner:

"Mr. Nicholas: In other words, let me ask you this, are you making this plea voluntarily?

The Defendant: Yes.

   *    *    *    *    *    *

"Mr. Nicholas: Have you had anything to drink at all?

The Defendant: No.

Mr. Nicholas: Are you under any medication?

The Defendant: No.

Mr. Nicholas: Do you take any drugs of any kind?

The Defendant: No." (N.T. p. 4)

Furthermore relator's counsel testified at the P.C.H.A. hearing that relator had never indicated that he was taking drugs nor did his manner appear any different at the time of sentencing from what it had been on prior occasions when counsel met with him.

The state court also rejected relator's contention that he pleaded guilty because he believed that by doing so he would, instead of being sentenced to a prison term, be returned to Norristown State Hospital where he had been committed subsequent to his arrest. Such a representation was allegedly made to him by a charge attendant and social worker at the hospital.

■ The record once again supports the state court's conclusion that relator's claim is groundless. In the first instance, when relator entered his guilty plea, he specifically denied that any promises had been made to him to induce said plea. (N.T. p. 4) Moreover we do not consider it plausible that a man of relator's obvious intelligence seriously believed that he would be returned to the Hospital merely because he was told so by two persons totally unconnected with the Court.

In addition relator was advised prior to the entering of his plea that he might receive a sentence other than one returning him to Norristown State Hospital. At his P.C.H.A. hearing, relator testified as follows:

A. "No deals were made between me and the Court or me and the District Attorney, but as I stated earlier, Mr. Milton Walker and Mr. Richard Rineer, on Norristown State Hospital staff had assured me that I would be returned to Norristown Hospital for treatment and care.

BY THE COURT:

Q. Did you tell that to your attorney?

A. I walked into Court that morning and he says to me, 'Well, here is the charges against you, here is the time you can get.'

I said, 'The time I can get?' I was dumbfounded, I was shocked. (P.C.H.A. p. 45–6)

   *    *    *    *    *    *

Q. Do you recall any specific discussions about the charge of assault with intent to kill?

A. Vaguely.

Q. Vaguely?

A. Vaguely, yes, because I've been dwelling a lot on it, thinking about it, and I dredged it up. It seems to me that Mr. Salus [relator's counsel] after he had showed me this initially, he showed me

the rape charge and then showed me the assault charge with intent to kill, and told me I could get 50 years on both of them. (P.C. H.A. p. 63)

Accordingly, we find that at the time that he entered his guilty plea, relator was well aware of the possibility of a prison sentence and did not plead guilty on the mistaken belief that he would be returned to the Hospital.

■ Relator also alleges that he was denied the effective assistance of counsel in that the voluntary defender who represented him consulted with him only briefly prior to the entering of his plea, never advised him of the nature of the charges against him and never advised him of his right to appeal from his guilty plea.

Relator's testimony prior to the entry of his plea rebuts his contention that counsel failed to adequately discuss the charges against him and the proper course which he should take. At that time the Court inquired:

"The Court: * * * You are pleading guilty to all these offenses, which the Court just related to you?

The Defendant: Yes.

The Court: Have you discussed this with your counsel, Mr. Salus, on several occasions and you are completely familiar with the rights that you have?

The Defendant: Yes, sir." (N.T. 7)

Relator's contention is also rebutted by the voluntary defender who testified at the Post Conviction Hearing that he met with relator on at least three occasions prior to his plea, and probably more (P.C.H.A. p. 82); that he discussed the nature of the charges with relator who stated that he wished to plead guilty to avoid embarrassment to himself and his family (P.C.H.A. p. 84); that he obtained discovery of the evidence against relator (P.C.H.A. p. 81); and that he arranged for relator's commitment to Norristown State Hospital to determine his mental capacity (P.C.H.A.). Moreover relator admitted on cross-examination at his P.C.H.A. hearing that he discussed the charges against him with counsel prior to entering his plea (P.C.H.A. p. 63) and this is further borne out by the statement of the District Attorney at the beginning of the guilty plea proceeding that he had been advised by relator's counsel that relator wished to plead not guilty to the charge of assault with intent to kill. In view of the foregoing we conclude that relator was ably represented by counsel who clearly exercised "the customary skill and knowledge which normally prevails at the time and place." Moore v. United States, 432 F.2d 730, 736 (3rd Cir. 1970).

■ Finally relator alleges that he was not notified of his right of appeal.[1] Relator was, after his P.C.H.A. hearing, granted the right to appeal *nunc pro tunc* from his guilty plea, a right which he refused to exercise. At any rate, as relator pleaded guilty, he would be limited on appeal to challenging the voluntariness of his plea and the sentence imposed by the Court. As relator may attack these through collateral proceedings, he has not been prejudiced by the absence of a direct appeal. United States ex rel. Madison v. Rundle, 422 F.2d 49 (3rd Cir. 1970).

---

1. Relator's counsel testified that he advised relator of his right to appeal. (P.C.H.A. pp. 87, 92)