Tomas Luis **RISCARD**, Petitioner,

v.

**UNITED STATES of America,
Respondent.**

Civ. No. 644–71.

United States District Court,
D. Puerto Rico.

Nov. 6, 1972.

---

Tomas Luis Riscard, pro se.

Julio Morales Sanchez, U. S. Atty., for respondent.

## MEMORANDUM OPINION AND ORDER

TOLEDO, District Judge.

Petitioner herein filed a motion pursuant to Title 28, United States Code, Section 2255, requesting this Court to vacate and set aside the judgment of conviction had against him upon his plea of guilty to Count One of a Three Count Indictment. His request to proceed in forma pauperis was granted.

The petitioner was originally accused on a Three Count Indictment, in Criminal No. 9–67, charging that he had purchased approximately 0.5 grams of cocaine, not in or from the original stamped package in violation of Title 26, United States Code, Sections 4704(a), 7237(a), as amended, and 7701(c) (Count One); that he knowingly, willfully and unlawfully, did receive, conceal and facilitate the transportation and concealment of approximately 0.5 grams of illegally imported cocaine in violation of Title 21, United States Code, Sections 171, 173, 174, as amended, and 7701(c) (Count Two); and that he sold approximately 0.5 grams of cocaine not in pursuance of a written order on a form to be issued in blank for that purpose by the Secretary of the Treasury, as provided by law, in violation of Title 26, United States Code, Sections 4705(a), 7237(a), as amended, and 7701(c).

The petitioner entered on April 2, 1967, a plea of not guilty on each and every count in the indictment, after waiving its reading. On December 11, 1967, he withdrew his plea of not guilty on Count One of the Indictment and entered a plea of guilty as to said Count. Pursuant to his plea of guilty, the petitioner was sentenced on December 20, 1967, to a period of five years of imprisonment, to run consecutively to a sentence he was serving at said time on account of a previous conviction in the Courts of the Commonwealth of Puerto Rico. On the same day of sentence, a motion to dismiss Counts Two and Three of the Indictment made by the United States Attorney, was granted by the sentencing court.

It is petitioner's contention that, the sentence imposed upon him, upon pleading guilty as to Count One of the Indictment, is a violation of his rights to due process guaranteed to him by the Constitution of the United States. He bases his contention in that subsequent to the imposition of sentence upon him, the Supreme Court of the United States entered the decision of Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L. Ed.2d 610, where said Court deemed a violation of constitutional due process to incarcerate a person who possesses a small amount of cocaine "not in or from the original stamped package"—Title 26, United States Code, Section 4704(a), when there is no proof that the cocaine did not come from the "original stamped package". Petitioner further contends that Section 2255 of Title 28, United States Code, is available to him for a collateral attack to his conviction, citing Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Kaufman v.

United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), and United States v. Scott, 425 F.2d 55 (9 Cir. 1970).

This Court ordered the United States Attorney to file an answer to petitioner's motion with a memorandum of law supporting it. The United States Attorney filed a motion in opposition to movant's petition asserting that the case of Turner v. United States, supra, is not applicable to the situation at bar and that for such a reason, petitioner's motion is without merit and should be denied. The government's assertion is predicated upon its contention that the petitioner's case is distinguishable from the case of Turner v. United States, supra, for in that case, the petitioner was found guilty after a trial in which the government relied in the presumption established by Title 26, United States Code, Section 4704(a), to the effect that the absence of appropriate tax paid stamps from narcotic drugs shall be prima facie evidence of a violation of that subsection by the person in whose possession the same may be found; while in this case, the petitioner pleaded guilty to Count One of the Indictment, thereby relieving the government of the burden of proving each and every element of the offense. The government further contends that the petitioner by pleading guilty admitted all material facts alleged in Count One of the Indictment. The government also alleges that under said circumstances, no further proof of the crime was required since a plea of guilty constitutes a waiver of trial and defenses, leaving the Court nothing to do but to impose sentence and enter judgment. The government also contends that in the case at bar, they in no way relied in the statutory presumption relied upon in Turner v. United States, supra, and the petitioner cannot assume that the government would have relied on it had he pleaded not guilty. They finally contend that by his guilty plea, the petitioner admitted full culpability · for the crime charged and in so doing, totally admitted that respondent had evidence to convict without the need to rely on the presumption.

Petitioner filed a traverse to the government's opposition, wherein he again contends that Turner v. United States, supra, is fully applicable to the facts at bar for when "certain provisions of a criminal statute are unconstitutional they are void and no conviction based upon them can stand regardless of the moment in time at which the unconstitutionality[1] was first articulated, and regardless of whether the conviction was obtained by plea or by a jury's verdict." He further asserts that the offense punishes him for failing to know that the Supreme Court would subsequently declare the statute unconstitutional. As to government's contention that this case is distinguishable from Turner v. United States, supra, for in that case the petitioner was found guilty after a trial on which the government relied in the presumption established by Section 4704(a) of Title 26, United States Code, while in this case he pleaded guilty, with the consequences such a plea entails, petitioner asserts such an argument means nothing, for the Supreme Court, when it struck down the offense[2] herein complained of, was telling Congress that it had passed a law directly in conflict with the dictates of the Constitution. Petitioner also asserts in its traverse that the compelling reasons that have moved the Circuit Court of Appeals and lower District Courts for applying Leary v. United States, 395 U. S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57

---

1. Petitioner asserts that although the Supreme Court in Turner v. United States, supra, never specifically referred to Section 4704(a) of Title 26, United States Code, as "unconstitutional" its holding that the provision is infirm clearly leads to that conclusion. See footnote number 21.

2. See footnote number 21.

(1968) [3] and Turner v. United States,[4] supra, retroactively are just as applicable and just as compelling for not finding waiver or untimely assertion of constitutional rights on the facts of this case. Lastly, petitioner asserts that since the Supreme Court declared the infirmity of the statute, this Court did not have jurisdiction to indict, convict and/or sentence him and, therefore, he is presently serving an infirm conviction, on an infirm sentence stemming from an infirm statute.

Petitioner has also filed a supplementary motion stating that the case of Martone v. United States (1 Cir. 1970), 435 F.2d 609, is applicable to the present petition,[5] as well as the *Turner* case, on which he relies.

The Court, after full consideration of petitioner's motion under Section 2255 of Title 28, United States Code, and of the motion in opposition filed by the government, as well as of the authorities cited by both parties and those found by the Court on its own research, and after an examination of the transcript of proceedings of December 11, 1967, the day on which the petitioner pleaded guilty to Count One of the Indictment, and of December 20, 1967, the day in which sentence was imposed upon the petitioner, is of the opinion that petitioner's motion must be denied for lack of merit.

Although Title 28, United States Code, Section 2255, requires this Court to make findings of fact and conclusions of law in relation to the issues presented, since the present case does not involve any questions of fact, but only questions of law, the following memorandum opinion and order shall be entered in substitution of such findings. See United States v. Nickerson (7 Cir. 1954), 211 F.2d 909.

 Whether or not to allow a defendant who has pleaded guilty to withdraw such a plea rests within the sound discretion of the Court, depending upon the pertinent facts and circumstances of the case. Dorton v. United States (10

---

3. Although the petitioner has failed to cite the cases he is referring to, this Court takes them to be cases like the following: United States v. Liguori (2 Cir. 1970), 430 F.2d 842, cert. den. 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118 (1971); Harrington v. United States (5 Cir. 1971), 444 F.2d 1190; Scogin v. United States (8 Cir. 1971), 446 F.2d 416; Bannister v. United States (3 Cir. 1971), 446 F.2d 1250; Calderon v. United States (D.C. Texas 1970), 315 F.Supp. 939; United States v. Ali Houssein (D.C.Maryland 1971), 326 F.Supp. 1194. See also Cachoian v. United States (5 Cir. 1971), 452 F.2d 548; United States v. Broadus (Circuit 1971), 146 U.S.App.D.C. 178, 450 F.2d 639; Navarro v. United States (9 Cir. 1971), 449 F.2d 113; Hupert v. United States (8 Cir. 1971), 448 F.2d 668; United States ex rel. Ennis v. Fitzpatrick (2 Cir. 1971), 438 F.2d 1201; Martin v. United States (D.C.N.Y.1972), 339 F.Supp. 1187. The basic rationale of all the above cited cases was that the petitioners therein involved had pleaded guilty to nothing, for they pleaded guilty to a substantive offense as provided under a statute (Title 26, United States Code, Section 4744) subsequently held unconstitutional, subject to a complete defense under the privilege against self-incrimina-

tion of the Fifth Amendment to the Constitution of the United States. The Court deems unnecessary to cite any cases wherein the same disposition was made after a jury found a petitioner guilty as charged, for in this case we deal with a petitioner who pleaded guilty as charged.

4. Likewise, although petitioner failed to cite the cases he refers to, we deem them to be: United States v. Liguori (3 Cir. 1971), 438 F.2d 663; United States v. Cross (4 Cir. 1970), 432 F.2d 431; United States v. Scott (9 Cir. 1970), 425 F.2d 55; Casados v. United States (5 Cir. 1970), 425 F.2d 723. It is important to notice that all the mentioned cases are cases wherein the petitioners involved were convicted after a trial before a jury or before a judge, sitting without a jury, and in which the government relied upon the presumptions established by Title 21, United States Code, Section 174 or by Title 26, United States Code, Section 4704 (a) to prove its case. See also Martone v. United States (1 Cir. 1970), 435 F.2d 609, a case cited by the petitioner which in our opinion is not applicable to the situation at bar for the same reason we stated above.

5. See footnote number 4.

Cir. 1971), 447 F.2d 401, United States v. Searle (7 Cir. 1950), 180 F.2d 209; United States ex rel. Russell v. La Valle (D.C.N.Y.1971), 322 F.Supp. 579; United States ex rel. Culbreath v. Rundle (D.C.Pa.1970), 320 F.Supp. 1052.

■■ It is the law that a plea of guilty, voluntarily and intelligently made by a competent defendant, with the advice of a competent counsel, is conclusive as to guilt and judicially admits all the averments of fact charged in the information or the indictment;[6] waives and cures all nonjurisdictional and formal defects in prior proceedings;[7] waives all defenses other than the information or indictment charges no offense;[8] and relieves the prosecution of the duty of proving any facts.[9] The effect is the same as if a defendant had been tried before a jury and had been found guilty on evidence concerning all the material facts.[10] It is in itself a conviction and conclusive as a verdict and once a court accepts a plea, it has nothing to do but to give judgment and sentence;[11] which judgment and sentence is based solely on the plea entered and not on any evidence which may have been acquired by the prosecuting authorities.[12]

This Court in the cause herein is not confronted with a situation wherein a defendant was subject to a defective indictment or was induced to plead guilty by subsequently unfulfilled promises or by threats, which may have forced him to render an involuntary plea;[13] nor is this Court confronted with an involuntary and unintelligent plea the product of inadequate representation of counsel[14] or a situation wherein the petitioner could not have implicitly and knowingly abandoned rights otherwise available to him;[15] nor does the record show that the present plea was unfairly obtained or given through ignorance, fear or inadvertence.[16]

6. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); McCarthy v. United States, 394 U.S. 459, 466 (1969); United States v. Strother (5 Cir. 1972), 458 F.2d 424; United States v. Davis (9 Cir. 1971), 452 F.2d 577; United States v. Bendicks (5 Cir. 1971), 449 F.2d 313; Hillaire v. United States (5 Cir. 1971), 438 F.2d 128; Biggs v. United States (D.C.Fla.1970), 318 F.Supp. 212.

7. McMann v. Richardson, supra; Henderson v. Tollett (6 Cir. 1972), 459 F.2d 237; United States v. Strother, supra; United States v. Levine (10 Cir. 1972), 457 F.2d 1186; United States v. Davis, supra; Hayes v. Smith (5 Cir. 1971), 447 F.2d 488; Scogin v. United States (8 Cir. 1971), 446 F.2d 416; Hillaire v. United States, supra; Hancock v. Slayton (D.C.Va.1972), 341 F.Supp. 436; United States ex rel. Koresko v. Rundle (D.C.Pa.1971), 331 F.Supp. 1292; Alaway v. United States (D.C.Cal.1971), 329 F.Supp. 78; Biggs v. United States, supra.

8. United States v. Davis, supra; Scogin v. United States, supra; Berg v. United States (9 Cir. 1949), 176 F.2d 122; Alaway v. United States (D.C.Cal.1968), 280 F.Supp. 326.

9. United States v. Davis, supra; Adkins v. United States (8 Cir. 1962), 298 F.2d 842, cert. den. 370 U.S. 954, 82 S.Ct. 1604, 8 L.Ed.2d 819; Williams v. United States (5 Cir. 1961), 290 F.2d 217; Berg v. United States, supra.

10. United States v. Davis, supra.

11. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1961); Durant v. United States (1 Cir. 1969), 410 F.2d 689; Hicks v. Cox (D.C.Va.1970), 318 F.Supp. 317.

12. Reed v. Henderson (6 Cir. 1967), 385 F.2d 995; Hughes v. United States (8 Cir. 1967), 371 F.2d 694.

13. Ridge v. Turner (10 Cir. 1971), 444 F.2d 3; Palermo v. Rockefeller (D.C.N.Y. 1971), 323 F.Supp. 478; Daniel v. Wainwright (D.C.Fla.1970), 323 F.Supp. 84; Lovan v. Wingo (D.C.Ky.1970), 315 F.Supp. 656.

14. State of Missouri v. Turley (8 Cir. 1971), 443 F.2d 1313; Maddox v. Sigler (D.C.Neb.1971), 325 F.Supp. 978.

15. Henderson v. Tollett (6 Cir. 1972), 459 F.2d 237.

16. Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1961).

**676**

■ It has consistently been decided by the federal courts after the Supreme Court entered the decisions of Turner v. United States, supra and Leary v. United States, supra, that Title 26, United States Code, Section 4704(a) is constitutional and that an allegation that compliance with said statute will require a defendant to incriminate himself is without merit. See Smith v. United States (5 Cir. 1971), 441 F.2d 1155; Baker v. United States (5 Cir. 1971), 438 F.2d 129; United States v. Clark (3 Cir. 1970), 425 F.2d 827, cert. den. 400 U.S. 820, 91 S.Ct. 38, 27 L.Ed.2d 48; Salinas v. United States (5 Cir. 1970), 424 F.2d 541; Esparza v. United States (5 Cir. 1970), 423 F.2d 690. Cf. Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969). This being so, it cannot be said that Section 4707(a) of Title 26, United States Code, is a statute subject to a complete defense under the privilege against self-incrimination of the Fifth Amendment to the Constitution of the United States as was the case under Section 4744 of the same Title.[17]

■ The above, clearly reflects that the only real issue before this Court is whether a defendant who pleads guilty to a charge that he "purchased approximately 0.5 grams of metylbenzoil-ecgon-ine, a narcotic drug commonly known as cocaine, not in or from the original stamped package in violation of Title 26, United States Code, Section 4704(a),[18] 7237(a), as amended,[19] and 7701(c),[20] can have his plea vacated and his sentence set aside because the Supreme Court in the case of Turner v. United States, supra, with regard to the validity of Section 4704(a) presumption, found that in the case of a possible violation of the statute consistent of "purchasing other than in or from the original stamped package", said presumption, valid as to heroin, was infirm as to cocaine, Turner v. United States, supra, 396 U.S. at page 423, 90 S.Ct. at page 656, the Supreme Court having used a similar reasoning to the one it used in relation to Title 21, United States Code, Section 174. This Court is of the opinion that petitioner is not so entitled and that all his assertions that stem from the issue herein are without merit.

■ The Court of Appeals for the Fifth Circuit in the case of United States v. Ferra, 427 F.2d 1348 (1970), had an opportunity to entertain constitutional allegations, raised by a defendant who had pleaded guilty to two charges of having violated Title 26, United States Code, Section 4704(a) by dispensing and distributing a narcotic (cocaine)

---

17. This is why the analysis followed and the disposition taken in the cases cited under our footnote number 3, are not applicable to the present case.

18. Section 4704(a) of Title 26, United States Code, provides:
"General requirement.—It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

19. Title 26, United States Code, Section 7237(a), as amended, reads:
"Where no specific penalty is otherwise provided.—Whoever commits an offense, or conspires to commit an offense, described in part I or part II of sub-chapter A of chapter 39 for which no specific penalty is otherwise provided, shall be imprisoned not less than 2 or more than 10 years and, in addition, may be fined not more than $20,000. For a second offense, the offender shall be imprisoned not less than 5 or more than 20 years and, in addition, may be fined not more than $20,000. For a third or subsequent offense, the offender shall be imprisoned not less than 10 or more than 40 years and, in addition, may be fined not more than $20,000.

20. Section 7701(c) of Title 26, United States Code, states:
"Commonwealth of Puerto Rico.— Where not otherwise distinctly expressed or manifestly incompatible with the intent thereof, references in this title to possessions of the United States shall be treated as also referring to the Commonwealth of Puerto Rico.

not in or from the original stamped container, very similar to the ones at issue now before this Court.[21] With relation to appellant's assertion that the Supreme Court invalidation of the Section 4704(a) presumption as applied to cocaine required a reversal of his conviction the Court, at page 1351, said the following:

"The defective presumption was not employed in appellant's conviction. It is important to understand that the Court in the Turner decision did not invalidate the criminal provisions . . . contained in 4704(a)[22] as applied to cocaine was found unconstitutional, and as we stated, this presumption was not used in any way in the instant case. The elements of the crime defined in Section 4704(a) were admitted by Ferra when he pleaded guilty. Except for a vague 'denial of due process' allegation, appellant fails to suggest any way in which his conviction was prejudiced by the unused evidentiary presumption. Similarly, Ferra never intimates that his guilty plea was in any way influenced by the presence of the presumption in 4704(a).[23] "

█ Also, this Court is of the opinion that there was no violation of the consti-

tutional due process the petitioner herein was entitled to. The guilty plea entered by the petitioner admitted the facts alleged in Count One of the Three Count Indictment, charging him with various violations of the narcotic laws and waived the right on his part to have the government prove the necessary elements of the charge contained in Count One. This Court has no way of knowing whether absent the plea, the government could have proven petitioner's knowledge that the cocaine he purchased was purchased not in or from the original stamped package as prohibited by Title 26, United States Code, Section 4704(a). Such is an evidentiary question which petitioner waived, along with his right to trial, when he pleaded guilty. Not having gone to trial, petitioner cannot now claim to have been prejudiced by a presumption that was never used. Therefore, we can only hold that petitioner's guilty plea to Count One supports the conviction and sentence imposed as to said charge. See: Leano v. United States (9 Cir. 1972), 457 F.2d 1208; Davie v. United States (7 Cir. 1971), 447 F.2d 480; Morales Guajardo v. United States (5 Cir. 1971), 440 F.2d 775; Hillaire v. United States (5 Cir. 1971), 438 F.2d 128; Torres Mejia v. United States (5 Cir. 1970), 430 F.2d

---

21. Ferra was originally charged in an Indictment with two Title 26, United States Code, Section 4704(a) violations of which he pleaded guilty, as well as with two charges of violating Title 26, United States Code, Section 4705(a). The latter stated charges were dismissed after the court accepted his plea of guilty on the Section 4704(a) charges and sentenced him. Although in the Ferra case the defendant was charged with dispensing and dsitributing a narcotic in violation of Section 4704(a) of Title 26, United States Code, this Court is of the opinion that its analysis of the constitutional issue is also applicable to the present case wherein the defendant pleaded guilty to a charge of purchasing cocaine in violation of the same Section.

22. With respect to this, the Court deems pertinent to say that petitioner's assertion that the offense for which he was charged punishes him for failing to know that the

Supreme Court would subsequently declare the statute unconstitutional; as well as his assertion that when the Supreme Court struck down the offense he was charged of, it was telling Congress it passed a law directly in conflict with the dictates of the Constitution; and his assertion that he is serving an infirm conviction, on an infirm sentence stemming from an infirm statute, are all based upon an incorrect interpretation of the holding of the Supreme Court in the *Turner* case. Nowhere in said decision is the criminal provision contained in Section 4704(a) of Title 26, United States Code, invalidated; but only the evidentiary presumption contained in it, as applied to cocaine, was found infirm.

23. The Court deems the last two statements of the Court of Appeals for the Fifth Circuit also applicable to the case at bar.

1273. See also United States v. Karger (1 Cir. 1971), 439 F.2d 1108.

■ Furthermore, the present case before us is not a case wherein the court deals with a statute under which the government could not prosecute the defendant because of some constitutional barrier,[24] but rather this is a case where, even if the inference authorized by the statute were impermissible, the government could, nevertheless, prosecute the petitioner herein, but would be required to establish the essential elements of the offense without reliance upon the inference. The fact that an intervening decision (Turner v. United States, supra) imposes a heavier burden upon the government or makes its case weaker than the petitioner originally thought does not vitiate his guilty plea. See Abbamonte v. United States (D.C. N.Y.1972), 335 F.Supp. 1180.

We cannot loose from sight that the petitioner herein was originally charged with three violations of the narcotics laws. Count Two of his Indictment charged him with knowingly, willfully, and unlawfully receiving, concealing and facilitating the transportation and concealment of cocaine in violation of Title 21, United States Code, Sections 171, 173 and 174, as amended, and Count Three charged the petitioner herein with selling the said cocaine not in pursuance of a written order or a form to be issued in blank for the purpose by the Secretary of the Treasury, in violation of Title 26, United States Code. Section 4705(a). Since in petitioner's indictment there was a charge of selling cocaine (Count Three) the presumption established by Section 4704(a) of Title 26, United States Code, would most likely have not been used at trial. In a case like petitioner's, had he decided to go to trial on all charges against him, instead of pleading guilty to Count One, the government would most likely have dispensed of using the presumption contained in Title 26, United States Code, Section 4704. See United States v. Ferra (5 Cir. 1970), 427 F.2d 1348.

Lastly, the Court has examined the transcript of the proceedings held on December 11, 1967, day on which the petitioner pleaded guilty to Count One of the Indictment against him and of the proceedings held on December 20, 1967, the day on which sentence was imposed upon the petitioner, and has failed to .find any indicia that petitioner's plea of guilty may have not been understandingly and voluntarily made, with knowledge of its consequences, therefore, entered in violation of Rule 11, as amended, of the Federal Rules of Criminal Procedure, Title 18, United States Code.[25] See McCarthy v. United States, 394 U.S. 459 (1969); Flores v. United States (D.C. P.R.1971), 337 F.Supp. 45.

In view of the foregoing, it is hereby

Ordered, that petitioner's motion pursuant to Title 28, United States Code, Section 2255, be and the same is hereby denied.

It is so ordered.

---

24. As was the situation present in the cases cited in our footnote 3.

25. Rule 11 of the Federal Rules of Criminal Procedure, as amended, reads in part:
 "A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such a plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea.
 * * *"